UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO:

MARISE BURY,

       Plaintiff,

vs.

SKY CHEFS, INC. dba
LSG/SKY CHEFS, INC.,

       Defendant.

_____/

FILED by _____ D.C.

**FEB 1 6 2010**

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff, MARISE BURY (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SKY CHEFS, INC., (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for declaratory and injunctive relief and damages under 42 U.S.C. §1981 (Civil Rights Act of 1866), the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, national origin, pregnancy/gender and retaliation for filing an EEOC claim and/or claims of discrimination. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. '2000e et seq. and 42 U.S.C. '1981a.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. '1331 (federal question jurisdiction) and 28 U.S.C. '1343 (civil rights claim jurisdiction). Declaratory,

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys fees, costs and damages.

3. Plaintiff continues to be, a resident of Dade County, Florida.

4. Plaintiff was an employee of Defendant, performing the duties of a laborer for Defendant at LSG Sky Chefs #145 in Miami, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,*   and 42 U.S.C. '1981 since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA and 42 U.S.C. Section 1981.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.* and Section 42 U.S.C. §1981.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760 , et seq.* and 42 U.S.C. §1981.

9. Venue is proper in the Southern District of Florida because all of the actions complained of herein occurred within the jurisdiction of this District Court.

10. Plaintiff is a Black female individual of Haitian national origin was pregnant during the relevant time period and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C. §1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
2

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination; and these charges were filed on August 10, 2006 and amended during the investigation.

12. On May 10, 2007, the EEOC issued a "Notice of Suit Rights " notice to Plaintiff (See attached Exhibit "A") and suit was instituted timely.

13. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

14. Retaliation under F.S. 440.205, began after Plaintiff filed a workers' compensation claim against her employer.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff was employed by Defendant from on or about June 18, 2003 until she was terminated on February 17, 2007 in retaliation for making claims of discrimination and/or for making claims for workers' compensation benefits for her job accident on April 30, 2006 where Plaintiff was placed on light duty by her physicians based hand and foot injuries.

16. Just a few days prior to Plaintiff's termination by Defendant, Plaintiff presented a letter to the Human Resources Department at Defendant explaining that Plaintiff was in need of an operation based on the workers' compensation injury and Plaintiff was fired in retaliation for claiming these benefits just days later.

17. Plaintiff was harassed and discriminated against because Plaintiff was pregnant. Plaintiff lost her child due to complications caused by Defendant in November of 2005.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

3

18. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

19. Throughout her employment Plaintiff was subjected to pervasive and continued derogatory comments and negative treatment based on her race, Black, and national origin of Haiti. Plaintiff complained that her supervisor "Freddy" (White Male) and her co-worker (White Male) were harassing her with ethnically derogatory names and no remedial action was taken against my supervisor or the co-worker.

20. Plaintiff was not provided breaks while White Non-Haitian workers were provided breaks. Plaintiff was assigned extra work duties based on her race and/or national origin.

21. Plaintiff's manager discriminated against Plaintiff based on race and national origin and treated Plaintiff different from White employees. Plaintiff's manager discriminated against Plaintiff and failed to address Plaintiff's complaints of discrimination.

22. Plaintiff was treated differently than other non-Black and/or non-Haitian employees when she was denied her requested rights under workers' compensation.

23. While Plaintiff was approximately six months pregnant Plaintiff lost her child based on overwork and discrimination in the workplace.

24. Plaintiff was not paid properly for the overtime hours she worked while all other non-Black and/or Non-Haitian employees were paid their overtime without delay.

25. Defendant never assisted or supported Plaintiff with any problems she had encountered while working for Defendant. Defendant failed to properly deal with complaints of discrimination in the workplace.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

4

26. Defendant through its supervisors and managers retaliated against Plaintiff for her complaints of discrimination in the work place. Defendant, through its supervisors and management and/or its human resource department, was put on notice that Plaintiff was planning on filing a compliant for discrimination in the workplace prior to Plaintiff's constructive discharge. Defendant retaliated against Plaintiff for sending a letter to human resources complaining about discrimination in the workplace and retaliated against Plaintiff's oral complaints of discrimination in the workplace.

27. On or about on February 17, 2007, Defendant terminated plaintiff because the plaintiff is Black and/or Haitian and/or in retaliation for plaintiff's complaints of discrimination and/or injury any other reason for her termination is a mere pretext.

28. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I:
## DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

30. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

5

31. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

32. The Plaintiff is a Black female of Haitian national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

33. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Black employees were allowed better work opportunities.

34. The Plaintiff was terminated as a result of her race and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

35. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

36. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

37. Plaintiff was qualified for her position with Defendant.

38. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her race in the terms, conditions, and privileges of employment.

39. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

6

40. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

41. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

7

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

**COUNT II:**
**DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE**
**FLORIDA CIVIL RIGHTS ACT**

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

43. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

44. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

45. The Plaintiff is a Black female of Haitian national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

46. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Haitian employees were allowed better work opportunities.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
8

47. The Plaintiff was terminated as a result of her national origin and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

48. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

49. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

50. Plaintiff was qualified for her position with Defendant.

51. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

52. Defendant retaliated against Plaintiff after complaints of national origin discrimination and failed to address complaints of discrimination.

53. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

54. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

### PRAYER FOR RELIEF
**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT III

## RETALIATION

55. Paragraphs 1-54 are hereby realleged and reincorporated as if set forth in full herein.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
10

56. Defendant is an employer as that term is used under the applicable statutes referenced above.

57. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C ' 2000e et seq., Chapter 760, Florida Statutes.

58. The foregoing unlawful actions by Defendant were purposeful.

59. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

60. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

61. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

62. These damages are continuing and are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays that this Court will;

    A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin and/or gender and/or pregnancy;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT IV. DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN VIOLATION OF 42 U.S.C. §1981

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-54 of this complaint as if set out in full herein.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

64. At all times material hereto Defendant was an "employer" within the meaning of Section 42 U.S.C. §1981.

65. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981

66. The Plaintiff had been employed by Defendant.

67. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

68. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

69. Plaintiff stopped working for her employer due to problems stemming from discrimination.

70. The Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

71. During the course of his employment with the Defendants, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents.

72. For example, Plaintiff was repeatedly subjected to verbal insults directed at her race status as a Black individual and Haitian individual.

73. Defendant crafted and implemented a plan to eventually create an impossible working environment for Plaintiff based on Race discrimination.  Defendant also created a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

74. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
13

75. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.

76. Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

77. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

78. The actions and language of the Defendant, were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendant, and thereby creating a hostile work environment.

79. The actions of the Defendant were based upon the Plaintiff being of the Black Race and also a Black/Haitian individual. The Defendant subjected the Plaintiff to race and national origin based animosity.

80. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

81. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff. The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black employees like Plaintiff.

82. Moreover, a White individual replaced the Plaintiff's position after her termination.

83. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
14

84. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

85. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

86. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected when the work place became hostile.

87. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

88. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

89. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
15

90. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act. WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and Award Plaintiff as to this count prejudgment interest; and Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages. Plaintiff demands a trial by jury.

## COUNT V.  HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

91. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-87 of this complaint as if set out in full herein.

92. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

93. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981.

94. At all timer material here to, Plaintiff belongs to a protected group pursuant to 42 U.S.C. §1981.

95. The Plaintiff had been employed by Defendant.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
16

96. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

97. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

98. Plaintiff stopped working for her employer due to problems stemming from discrimination.

99. The Defendant has engaged in a pattern of continuous unwelcomed racial based discrimination against Plaintiff.

100. During the course of her employment with the Defendants, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents, specifically being subjected to constant racial insults.

101. This discrimination was overt, abusive and denigrating, creating an atmosphere of workplace hostility.

102. For example, and not limited to this incident, Plaintiff was repeatedly subjected to verbal insults directed at her race.

103. Defendants crafted and implemented a plan to eventually terminate Plaintiff based upon her race.

104. Defendant also created a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

105. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

106. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant, and its supervisory personnel were aware that

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
17

discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

107.    Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

108.    The actions and language of the Defendant, were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendant, and thereby creating a hostile work environment.

109.    The actions of the Defendant were based upon the Plaintiff being a black.  The Defendant subjected the Plaintiff to race based animosity.

110.    The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

111.    The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

112.    As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

113.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

114.    The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
18

115.    The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

116.    The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

117.    The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

**118.**    The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court: Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and  Award Plaintiff as to this count prejudgment interest; and Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.  Plaintiff demands a trial by jury.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

## COUNT VI:
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

119.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-118 of this complaint as if set out in full herein.

120.    Plaintiff and Defendant had a contractual relationship.

121.    Defendant precluded Plaintiff from performing the stated contractual relationship when Defendant failed to provide benefits and fired Plaintiff in retaliation for complaints of discrimination.

122.    Defendant's discrimination and termination of Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race as more particularly described above.

123.    Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

124.    Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
20

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

## COUNT VII:

## RETALIATORY DISCHARGE IN VIOLATION OF SECTION 440.205

125.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

126.     The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

127.     All conditions precedent to bringing this action have occurred, been performed or been excused.

128.     The PLAINTIFF has retained the undersigned counsel in order that his rights and interests may be protected. The PLAINTIFF has become obligated to pay the undersigned a reasonable attorney's fee.

129.     At all times relevant, PLAINTIFF was employed by the DEFENDANT.

130.     On or about April 30, 2006, the PLAINTIFF suffered a work-related injury.

131.     The above-alleged injury required medical treatment and plaintiff sought treatment and requested benefits from Defendant.

132.     Just days prior to termination of Plaintiff by Defendant, Plaintiff requested workers' Compensation benefits in requesting a surgery.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

133.    Defendant retaliated against Plaintiff for filing the workers' compensation claim.

134.    In February of 2007, Plaintiff was fired by Defendants in retaliation for claiming
workers' compensation benefits.

135.    PLAINTIFF's work prior to her discharge was satisfactory or more than satisfactory.

136.    A motivating factor which caused the PLAINTIFF's discharge as described above was
the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§
440 et. seq.

137.    The DEFENDANT's termination of the PLAINTIFF was in direct violation of Fla. Stat.
§ 440.205 and, as a direct result, the PLAINTIFF has been damaged.

138.    By reason of DEFENDANT's wrongful discharge of PLAINTIFF, PLAINTIFF has been
damaged in that PLAINTIFF has suffered lost wages and has suffered emotional distress.

139.    PLAINTIFF has been unable to find gainful employment since PLAINTIFF's discharge.

140.    The DEFENDANT's conduct in wrongfully discharging PLAINTIFF was willful,
wanton, and in reckless disregard of PLAINTIFF's rights and therefore PLAINTIFF is entitled to
punitive damages.

WHEREFORE, Plaintiff requests actual and compensatory damages and other damages allowed
by this claim.


## COUNT VIII:

## PREGNANCY DISCRIMINATION ACT: TITLE VII of the CIVIL RIGHTS ACT OF 1978, 29

## USC SECTION 623

Plaintiff pursuant to Title VII and 29 USC Section 623, sues Defendant, re-alleges as set forth
herein paragraphs 1-[28] of this initial complaint and states:

141.    The discrimination and termination of Plaintiff by Defendant was caused by Defendant
deciding it did not want a pregnant women working.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

142.   Defendant's decision to not provide reasonable accommodations to Plaintiff was because of Plaintiff's physical condition of being pregnant.

143.   At all relevant times aforementioned, including the time of termination, Defendant was aware that Plaintiff was pregnant.

144.   At the time of termination from employment the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

145.   The Plaintiff was qualified for the position apart from her pregnancy.

146.   The Plaintiff was treated different from non pregnant workers and required to work additional time.

147.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Pregnancy Discrimination Act (PDA).

148.   The failure of Defendant to adhere to the mandates of the PDA was willful and    its violations of the provisions of the PDA were willful.

149.   Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy in violation of  PDA and ADEA, 29 U.S.C. Section 623 (a)(1), with respect to its decision to discharge Plaintiff from employment .

150.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering when Plaintiff lost her child due to complications.

151.   Any alleged nondiscriminatory reason for termination of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, pregnancy.

152.   The Defendant's actions were malicious and were recklessly indifferent to the

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005
23

Plaintiff's rights protecting a person from discrimination due to their sex. The discrimination on the basis of pregnancy constitutes unlawful sex discrimination.

### PRAYER FOR RELIEF

Plaintiff, hereby demands that the Defendant, reinstate Plaintiff to the position she had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years she would have worked absent the Defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time he would have worked absent the Defendant's discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendant, pay compensatory damages for Plaintiff's physical and emotional pain and suffering, award punitive damages and all reasonable attorneys' fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### Jury Trial Demand

Plaintiff, demands a trial by jury on all issues trialable of right by a jury.

Dated: _____2-11-10_____

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
BISCAYNE CENTRE
11900 Biscayne Boulevard
Suite 288
North Miami, Florida 33181
Tel.  (305) 416-5000
Fax: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

OC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS                RE MER& Georges P.

To: Marise Bury
153 N.E. 141st St., Apt. A
Miami, FL 33161

From: MIAMI DISTRICT OFFICE
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ONE BISCAYNE TOWER
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FL 33131-1805

[  ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 0 2006 04060 | Dennis P. Kendrick | 305-808-1807 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]    While reasonable efforts were made to locate you, we were not able to do so.

[  ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ x ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_signature_                                    MAY 10 2007

Enclosure(s)                Federico Costales, District Director                      *(Date Mailed)*

Deanna Hines, Manager
LSG Sky Chefs
3500 N.W. 24th St.
Miami, FL 33142

Zandro Palma, Esq.
100 N. Biscayne Blvd., Suite 2800
Miami, FL 33132