IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-20469-KING

MARISE BURY,

    Plaintiff,

v.

SKY CHEFS. d/b/a
LSG/SKY CHEFS, INC.,

    Defendant.
_____/

## FINAL ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (DE #13), filed October 4, 2010.[1] Plaintiff's Complaint (DE #1) purports to state eight causes of action against Defendant – only seven now remain after Plaintiff voluntarily dismissed Count VIII on October 5, 2010. (DE #17). Plaintiff's claims include ones sounding in both federal and state law for discrimination on the basis of race, national origin, pregnancy, retaliation, and hostile work environment.

After completing significant discovery relating to those claims, Defendant now contends that summary judgment is appropriate on its own behalf because 1) Plaintiff cannot state a *prima facie* case for discrimination or retaliation; and 2) even if such a *prima facie* case exists, Defendant exercised its legitimate business judgment, which cannot be proven pretextual by Plaintiff. Upon consideration of the pleadings and the record, the Court finds that the speculative and conclusory statements offered by Plaintiff are insufficient to support her claims and create

---

[1] Plaintiff responded (DE #35) to Defendant's motion on December 13, 2010, and Defendant filed a Reply (DE #37) on December 27, 2010. This matter is therefore ripe for determination.

genuine issues of material fact. Therefore, summary judgment is appropriate on Defendant's behalf on all counts.

**I. Undisputed Facts**

Sky Chef hired Plaintiff on June 18, 2003 as a driver/loader for its business, which is to provide food and beverage services for airlines. Plaintiff became a member of the union and was therefore subject to the collective bargaining agreement between the union and Defendant. Neither party disputes that, as a consequence of her union membership, Plaintiff received notice of certain non-harassment policies provided by Defendant.

In her role as a driver/loader, Plaintiff loaded beverages, food and other similar items onto carts, which were subsequently transported to and loaded in airplanes for in-flight consumption. Loaders such as Plaintiff were responsible for assembly-line type production in which each loader is responsible for loading one item into the cart. On several occasions, Plaintiff was written up for her work, but such action was normally followed by Plaintiff's own complaints regarding her co-workers' performance. However, no individual employed by Defendant recalls Plaintiff ever complaining about race or national origin discrimination or harassment. Instead, all of Plaintiff's co-workers and Plaintiff herself recalled that her complaints followed complaints regarding her own work performance.

During her employment with Defendant, Plaintiff's co-workers sometimes addressed her by such derogatory terms as "black ass," "black toilet paper." Moreover, Plaintiff recalls that her Haitian national origin was derided on numerous instances, and that she was called a "lazy bitch" over thirty times during the course of her employment. While the record is somewhat unclear as to who was calling Plaintiff such insulting names, Plaintiff admits there her supervisor, Isabel, never made any such comments. Nor can Plaintiff recall any instances in which Sandi Perchy, Defendant's Human Resources Manager, discriminated against her on any basis or speak

disparagingly of blacks or Haitians. Plaintiff never complained to Ms. Perchy of any harassment.

On April 30, 2006, Plaintiff was injured at work by a co-worker, which resulted in damage to her wrist and her foot. Plaintiff believes that her injuries were no accident and that they were racially motivated, although there is no evidence to support this position.[2] Defendant reported Plaintiff's injury to its workers' compensation carrier, who began paying Plaintiff benefits. Following the accident, her doctor put her on light-duty work restriction. Plaintiff was subsequently assigned to the dairy department within Defendant's workplace. Plaintiff contends, however, that the dairy and subsequent assignments did not comply with her work restrictions and were done in retaliation against her for the filing of an EEOC charge on August 10, 2006. Furthermore, Plaintiff also then alleged that she was being harassed by her supervisors and co-workers with racially and ethnically derogatory names, although no one at Sky Chef has any memory of Plaintiff having previously informed them of such allegations.

Several months later on November 6, 2006, Sky Chef's Human Resources Manager, Ms. Perchy, first learned that Plaintiff might require surgery for the injuries she suffered over six months earlier. At that time, Ms. Perchy learned of the possibility of injury when reviewing Plaintiff's workers' compensation medical history. No other employee of Sky Chef knew of Plaintiff's possible need for surgery, as Ms. Perchy did not notify anyone.

On February 17, 2007, Plaintiff was assigned to light-duty in food services, where she was supervised by Luis Colon. Her duty that day included silverware roll-up, which is a position that requires minimal lifting and exertion. In that position, an employee gathers silverware and prepares it for use aboard airplanes, rolling it in linen napkins for use. While she was working,

---

[2] The tenuous evidence Plaintiff provides relies upon a conversation that Plaintiff witnessed between the individual who injured her and another, who had purportedly commented on Plaintiff's race months prior. However, Plaintiff could not hear what was said during that conversation and therefore has no tangible basis for her belief. See *Pl's Dep.* 67:1-17.

3

her supervisor approached her and other employees with paperwork to demonstrate the production achieved and expected by those working on silverware rolling. Mr. Colon did not specifically address Plaintiff's work; nor did he treat her differently than his other employees. Nonetheless, according to Mr. Colon, Plaintiff was angered by his actions and proceeded to curse him and become aggressively belligerent, throwing a linen napkin at him. Defendant subsequently conducted an investigation into Plaintiff's actions and obtained multiple statements from individuals who confirmed Mr. Colon's own memory. Plaintiff was then terminated by Ms. Perchy and David Dennis, General Manager of the Miami Sky Chefs facility, for violations of Defendant's policies on February 26, 2007. Nearly one month later, on March 19, 2007, Ms. Perchy received final confirmation from Plaintiff's doctor that Plaintiff required surgery.

## II. Legal Standard for Motion for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward

with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Discussion

Upon consideration of each of Plaintiff's claims, the Court has determined that summary judgment is appropriately granted to Defendant on all counts for the following reasons.

#### A. Race and National Origin Discrimination (Counts I, II, and IV)

Counts I and II of Plaintiff's Complaint, respectively, seek to recover for discrimination for race and national origin under the Florida Civil Rights Act, while Count IV pursues recovery under the relevant federal statute, 42 U.S.C. § 1981. Regardless of the vehicle for Plaintiff's claims, however, federal courts apply the same framework for each claim, which was first enunciated by the United States Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973). *See also Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (recognizing uniformity of standard in both contexts).

To recover for discrimination, a plaintiff may demonstrate direct evidence of discrimination, or instead rely upon circumstantial evidence. Direct evidence proves the existence of a fact without requiring inference or presumption. *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1227 (11th Cir. 2002). Direct evidence, by definition, must be motivated by discriminatory animus, be related to the adverse employment decision, and be attributable to the individual responsible for discriminatory action. *Id.*

5

Contrarily, in the event that there is no direct evidence of discrimination, circumstantial evidence may be used to establish a *prima facie* case of discrimination. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004); *cf. Smith v. Horner*, 839 F.2d 1530, 1536 (11th Cir. 1988). A *prima facie* case requires the following: 1) the plaintiff must be a member of a protected class; 2) who suffered an adverse employment action; 3) while similarly situated employees outside of his protected class were treated more favorably; and 4) must have been qualified to perform the job originally. *Id.*; *Holfield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); *Weaver v. Tech Data Corp.*, 66 F. Supp. 2d 1258, 1269 (M.D. Fla. 1999). Under the burden-shifting framework of *McDonnell-Douglas*, if a plaintiff can prove those four elements, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action. *Scott*, 295 F.3d at 1227-28. If the defendant is able to do so, the plaintiff must produce sufficient evidence to demonstrate that the defendant's reason was mere pretext. *Id.*; *Wilson*, 376 F.3d at 1087. While this showing need not be dispositive, there must at least be some evidence supporting a plaintiff's claim of pretext. *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 598 (11th Cir. 1994).

Upon consideration of the deposition testimony and the affidavits submitted by the parties,[3] the Court finds that Plaintiff cannot rely upon direct evidence to support her claims. Contrary to her allegations in her Complaint that Plaintiff was terminated as a result of her race (DE #1 at ¶34), or national origin (*Id.* at ¶47), Plaintiff has provided no evidence that the decision-makers – Ms. Perchy and Mr. Dennis – who terminated her were motivated by either her race or national origin. Indeed, according to deposition testimony, Plaintiff never heard Ms. Perchy reference her nationality or race and certainly never disparage them, and she never met Mr. Dennis. Therefore, Plaintiff's claim must necessarily rest upon circumstantial evidence of

---

[3] It is noteworthy here that Plaintiff's counsel, in his Response to Defendant's Motion for Summary Judgment, failed to support any of Plaintiff's allegations with specific references to the record.

6

discrimination. However, as with Plaintiff's reliance upon direct evidence, Plaintiff has failed to provide any evidence to support her claims.

While it cannot be disputed that she may satisfy the first and fourth prong of a *prima facie* case, she is unable to satisfy the second and third prongs. Plaintiff seemingly relies upon a dual basis for her claim of adverse employment action: 1) lesser work opportunities than her fellow employees; and 2) her termination. However, Plaintiff has failed to provide more than conclusory statements in support of either of her claims. As to the first, she has provided no support for her claim that she was not afforded the same work opportunities as her fellows, aside from general allegations that she was not treated as kindly as her fellow employees and that she was not provided with the same quantity or quality of work uniforms. Neither of those claims rise to the necessary level of "a serious and material change in the term, conditions, or privileges of employment" required to support a claim of adverse employment action. *Cf. Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2001) (noting not all employment actions that negatively impact an employee qualify "adverse employment actions"); *Davis v. Town of Lake Park*, 245 F.3d 1232, 1238 (11th Cir. 2001) (same).

Nor can Plaintiff rely upon her termination as the adverse employment action, since she provides no record support for her claim that employees outside her protected class were treated more favorably. In essence, Plaintiff would need to provide evidence that other individuals not of her protected class were not terminated for insubordination under similar facts to those at issue here. Federal law would require that Plaintiff produce a comparator who is "nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer." *See Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir.2001). Plaintiff can provide no such near-identical comparator here and, aside from certain unfounded

7

statements about preferential treatment of her co-workers, Plaintiff has provided no evidence at all to demonstrate less favorable treatment.

However, even if Plaintiff were to be found to have satisfied the necessary showing for a *prima facie* case of discrimination, she would still be unable to demonstrate that the legitimate, non-discriminatory reason provided by Defendant for her termination was mere pretext for discriminatory action. Defendant has stated that Plaintiff was fired after she yelled obscenities at her supervisor, and has supported that decision with proof of internal investigations in which all the interviewed individuals recalled Plaintiff's action. While Plaintiff recalls no such occurrence and claims it never happened, such is insufficient to constitute a genuine issue of material fact. *See EEOC v. Total Sys. Servs., Inc.,* 221 F.3d 1171 (11th Cir. 2000); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 519 (1993). Plaintiff has provided no other evidence to support her claim that Defendant's proffered reason for termination was pretextual. She instead claims that she was fired because of her claim for workers' compensation, and because Defendant believed her to be malingering regarding the injured hand she had suffered. Aside from conclusory statements, however, Plaintiff provides no support for those contentions. Lastly, she points to certain discriminatory statements made by her fellow employees, although those statements were neither made by the decision-makers nor were they temporally proximate to her termination.

Absent any evidence aside from her own conclusions, the Court finds no support in the record for a discrimination claim in this instance.[4] Therefore, after appropriate consideration of the record, the Court finds that there is no genuine dispute of material fact in regard to Plaintiff's discrimination claims. While Plaintiff claims that she suffered adverse employment action that was motivated by discriminatory animus, she has produced no facts to support such a claim. Instead, it is clear that there is no correlation between her termination and either her race or

---

[4] Indeed, the only evidence that Plaintiff provides that she was not fired for cursing at her Mr. Colon is her own deposition testimony, which is contrary to all other record evidence.

8

national origin. As such, Defendant's Motion for Summary Judgment must be granted as to Counts I, II and IV.

### B. Hostile Work Environment, 42 U.S.C. § 1981 (Count V)

In Count V of Plaintiff's Complaint, she seeks to state a claim for harassment under 42 U.S.C. § 1981. The Eleventh Circuit has stated that there are five elements to such a claim:

(1) Plaintiff belongs to a protected class;
(2) Plaintiff was subjected to unwelcome harassment;
(3) The harassment was a result of her status as a member of a protected class;
(4) The harassment was sufficiently severe and pervasive to create an abusive working environment; and
(5) The employer was liable for those actions.

*Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1244-45 (11th Cir. 2004) (noting standard for harassment under Title VII); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999).

Certainly, Plaintiff can satisfy some of these elements. There is no dispute that Plaintiff belongs to a protected class. The record indicates that there may have been some unwelcome harassment directed at Plaintiff, based solely on her own testimony and the nature of her EEOC charge. Namely, Plaintiff points to certain discriminatory comments made by co-workers: she was called "black ass, fucking Haitian, [and] black toilet paper" (DE #35 at 7) an estimated 10-20 times, while she was referred to as "black Haitian" an estimated 50 times.[5]

However, Plaintiff has provided no evidence to satisfy the fourth or fifth elements of a hostile work place claim. The only piece of record evidence provided by Plaintiff as to any harassment relating to her race or national origin, aside from her deposition testimony, is the EEOC charge she filed in August 2006. That claim alleged that she had been subjected to harassment because of her race and national origin. However, since the time of that filing, there is no further record evidence either of any harassment by Plaintiff's co-workers or supervisors,

---

[5] In her deposition, however, Plaintiff is unable to identify with any specificity the times or situations during which these comments were made.

or of any complaints of such. In short, while Plaintiff claims that there had been a constant stream of harassment during her employment at Sky Chefs because of her race or national origin, there is no evidence to support such a claim.

Moreover, under the Eleventh Circuit's standard for determining the severity of harassment, *Mendoza*, 195 F.3d at 1245-46, Plaintiff's allegations are not borne out by the record evidence. The Eleventh Circuit has mandated that four factors must be considered when determining whether harassment is actionable: 1) frequency of the conduct; 2) the severity of the conduct; 3) whether the conduct is physically threatening or humiliating, or mererly offensive; and 4) whether the conduct unreasonably interferes with the performance of the plaintiff's employment. *Id.* While the frequency of the alleged harassment is noteworthy and such comments are abhorrent and have no place in the modern workplace, federal law is not a safeguard against such language. Instead, it prohibits the use of such language when it creates a hostile or abusive workplace. Insomuch as Plaintiff claims her workplace injury derived from harassment for her protected class, she has failed to provide any evidence that would support her claim aside from her own suspicions. *Cf. Mendoza*, 195 F.3d at 1248-49. For example, she attributes her physical injury to discrimination because the person responsible for it was a part of a group of people that would often refer to her by racially derogatory names. Such a tenuous link, however, is insufficient to show discrimination as a matter of law.

Nor can Plaintiff carry her burden of demonstrating the fifth prong of a hostile work environment claim, that Defendant is liable for the alleged comments. The record is unequivocally clear that Plaintiff never availed herself of any of the mechanisms for complaint which were available to her as an employee or as a member of a union. While she filed an EEOC complaint, she never pursued any recourse within the organization of Sky Chef. As was

noted by the *Faragher* court,[6] a defendant cannot be liable where it can show that it 1) exercised reasonable care to prevent and to correct harassing behavior; and 2) that Plaintiff unreasonably failed to take advantage of any preventative or corrective measures provided by Defendant. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). The first showing requires open avenues of communication betwixt employers and employees and a clear and known policy against workplace harassment. Here, evidence of such policies at Defendant's workplace is unrefuted: an affidavit submitted by Ms. Perchy evidences that there is a proper procedure for reporting instances of workplace harassment, which permits employees to bypass supervisors and retain some vestige of anonymity. Furthermore, it is the stated policy of Defendant that no retaliation can result from complaints of workplace harassment. *Id.* Additionally, as a union member, Defendant had additional protections available to her. Nonetheless, Plaintiff never took advantage of any of the avenues available to her in reporting any alleged workplace harassment. She never complained to her union of the purported harassment. Temporally, any complaints raised by Plaintiff were admittedly subsequent to earlier complaints about her performance by her co-workers. Tellingly, though, her complaints never referenced any harassment, but instead were inevitably related to perceived deficiencies in her co-workers' on-job performance.

Ultimately, Plaintiff has failed to adduce sufficient evidence to justify a *prima facie* case of hostile work environment. Without any genuine issues of material fact, Plaintiff's claim under 42 U.S.C. § 1981 must fail.

C. Retaliation, 42 U.S.C. § 1981 and Florida Civil Rights Act (Counts III and VI)

While a different standard from the ones above applies to Plaintiff's claims for retaliation against Defendant, nonetheless it is clear from the evidence before the Court that a similar result

---

[6] Although the application of *Faragher* here is not dispositive, considering Plaintiff's argument that tangible employment action, i.e. her termination, occurred, nonetheless its principles are useful in arriving at the proper conclusion. *Cf. Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998).

is necessary. To show a *prima facie* case for retaliation, a plaintiff must meet the following three-part standard:

> 1) Plaintiff was engaged in protected activity;
> 2) He suffered an adverse employment action; and
> 3) The adverse action was not wholly unrelated to the protected activity.

*Alvarez v. Royal Atlantic Devs., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010) (citing *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008).

Here, Plaintiff claims that her protected activity was collection of workers' compensation benefits and that she was terminated as a result of that activity. However, in addition to the earlier problems with the evidence noted above as pertinent to other counts in Plaintiff's Complaint, Plaintiff's claim here fails on the third prong: causation. In short, Plaintiff has provided no evidence that her termination was not wholly unrelated to her protected activity. Even with this low standard, the Court finds the only support Plaintiff provides for her position is the temporal relationship between the filing of her workers' compensation claim, which occurred in August 2006, and her eventual termination in February 2007. This is far too distant to satisfy even an inference of relatedness. *Cf. Renta v. Cigna Dental Health, Inc.*, Case No. 08-60938, 2009 WL 3618246 (S.D. Fla. Oct. 29, 2009); *Robinson v. LaFarge N. Am., Inc.*, 240 Fed. Appx. 824, 829 (11th Cir. 2007). Nor does her attempted reliance on the fact that she claims she had informed her supervisor, Mr. Colon, of her need for surgery days before her termination support her claim for retaliation. Since her workers' compensation activities had been ongoing since April of the prior year, there is no reasonable basis for believing that notification of further treatment would have precipitated her termination. Indeed, the record is devoid of any evidence at all that would support a relationship between Plaintiff's claim that her termination was caused by her protected activity of claiming workers' compensation benefits.

D. Retaliation, Section 440.205, Florida Statutes

Plaintiff's final count under her Complaint, Count VII, seeks recovery for retaliation under Florida's Workers' Compensation Law, Section 440.205, Florida Statutes. Certainly, there is no doubt that Florida prevents retaliation against any employee for an "employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." *Id.* Where an employer retaliates for such protected activity, the employee may seek redress in a court of law.

However, as noted by both parties, the standard for determining whether a cause of action exists for retaliation in the context of workers' compensation is the same as in Title VII, noted above. Therefore, for the same reasons that Plaintiff is unable to state a *prima facie* case for retaliation under either 42 U.S.C. § 1981 or the Florida Civil Rights Act, she is also unable to satisfy her burden in regard to a retaliation claim under Florida's Workers' Compensation Laws.

## IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion for Summary Judgment (DE #32) be, and the same is, hereby **GRANTED**.

2. The above-styled action is **DISMISSED WITH PREJUDICE**.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 20th day of January, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiff**
**Jason Saul Remer**
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard
Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: jremer@rgpattorneys.com

**Counsel for Defendant**
**Angelique Groza Lyons**
Constangy Brooks & Smith
PO Box 1840
Tampa, FL 33602-1840
813-223-7166
Fax: 813-223-2515
Email: alyons@constangy.com